UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

JAVONNA CAMP

                                    MEMORANDUM OPINION[*]

v.      Record No. 1526-15-2                        PER CURIAM
                                                AUGUST 23, 2016

FREDERICKSBURG DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Herbert M. Hewitt, Judge

(Leigh S. Gettier, on brief), for appellant.

(Robert F. Beard; Melissa N. Cupp; Patricia Joshi, Guardian *ad litem*
for the minor children; Vanderpool, Frostick & Nishanian, P.C., on
brief), for appellee.


Javonna Camp (mother) appeals the orders terminating her parental rights to her children

and approving the goals of adoption for the children. Mother argues that the trial court "failed to

comply with the statutory scheme designed by the Virginia Legislature to protect parents and

children" because the notices provided to mother for the June 4, 2015 hearing in the Fredericksburg

Juvenile and Domestic Relations District Court (the JDR court) did not clearly state the

consequences of the termination of parental rights. Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

On June 24, 2014, mother was arrested. At the time, she was pregnant and had two children, I. and Z., who were one and two years old. The Fredericksburg Department of Social Services (the Department) was unable to locate relatives to care for the children, so the Department placed the children in foster care.

Mother gave birth to her third child, J., in July 2014. Mother signed a letter stating that she was unable to care for J. and agreed to allow Tara Howard to have custody of J. Howard contacted employees of the Stafford County Department of Social Services and told them that she was unable to care for J. Howard asked that J. be removed from her care. The child was placed in foster care in August 2014. His case was transferred to the JDR court.

All three of the children were adjudicated as abused or neglected. Mother was incarcerated from August 2014 until May 31, 2015. Although she had access to a substance abuse program and parenting classes while in jail, mother did not participate in them. After her release from incarceration, mother enrolled in a substance abuse treatment program, but did not complete it. She was referred to parenting classes, but did not attend.

On April 3, 2015, the Department filed petitions to terminate mother's parental rights to her three children. Each petition listed June 4, 2015 as the hearing date and included the following language:

> [The child] is in the custody of the Fredericksburg Department of
> Social Services ("FDSS") and FDSS petitions for the termination
> of Javonna Camp's parental rights and responsibilities, including
> her right to visitation, right to consent to adoption, responsibility to
> support said child and all other rights and responsibilities

- 2 -

remaining with her, as provided by § 16.1-283 of the 1950 Code of Virginia as amended.

Attached to each petition was a Notice of Termination of Parental Rights, which read:

> The attached petition seeks to terminate the residual parental rights of the parents of the above-named child. "Residual parental rights and responsibilities" mean all rights and responsibilities remaining with the parent after the transfer of legal custody or guardianship of the person, including but not limited to the right of visitation, consent to adoption, the right to determine religious affiliation and the responsibility for support.

A summons for each child was issued to mother informing her of the June 4, 2015 hearing in the JDR court. The summons included the following language, "TPR X3; PERMANENCY PLANNING HEARING."[1] Mother was personally served with the summons, petition, and notice of termination of parental rights for each child.

On June 4, 2015, mother and her counsel appeared before the JDR court for a hearing on the Department's petitions to terminate her parental rights. After hearing the evidence and argument, the JDR court terminated mother's parental rights to her three children pursuant to Code § 16.1-283(B) and (C)(2). It also approved the goals of adoption.

Mother filed notices of appeal to the circuit court. She checked the boxes that indicated she was appealing "termination of parental rights" and "permanency planning hearing."

On August 31, 2015, the trial court heard evidence and argument from the parties. Mother was represented by counsel at the hearing. She did not raise any issues regarding notice. The trial court held that termination of mother's parental rights was in the children's best interests. It terminated her parental rights to her three children pursuant to Code § 16.1-283(C)(2) and approved the goals of adoption for the children. This appeal followed.

---

[1] The Department also filed petitions for permanency planning hearing, but mother is not challenging those petitions on appeal.

ANALYSIS

Mother argues that the notices for the June 4, 2015 hearing in the JDR court "did not clearly state the consequences of termination of residual parental rights pursuant to Va. Code § 16.1-283(A)." She contends the JDR court and the trial court did not comply with the statute, and the termination of her parental rights should be reversed. Assuming without deciding that the issue is preserved, we find that mother was sufficiently put on notice of the consequences of the termination proceedings as required by Code § 16.1-283(A).

Code § 16.1-283(A) explains that "[t]he residual parental rights of a parent or parents may be terminated by the court as hereinafter provided in a separate proceeding if the petition specifically requests such relief." Subsection A further states, "The summons shall be served upon the parent or parents and the other parties specified in § 16.1-263. . . . The summons or notice of hearing shall clearly state the consequences of a termination of residual parental rights."

When read together, the petitions, summonses, and notices in this case provided sufficient notice under Code § 16.1-283(A). The petitions for termination of parental rights clearly stated that the Department was seeking the termination of mother's parental rights, "including her right to visitation, right to consent to adoption, responsibility to support said child and all other rights and responsibilities remaining with her, as provided by § 16.1-283 of the 1950 Code of Virginia as amended." Each petition was accompanied by a Notice of Termination of Parental Rights, which again stated that the petition was seeking to terminate mother's parental rights. It further explained the proceedings affected "all rights and responsibilities remaining with the parent . . . including but not limited to the right of visitation, consent to adoption, the right to determine religious affiliation and responsibility for support." Each summons referred to "TPR X3," or termination of parental rights.

- 4 -

Contrary to mother's arguments, the petitions and notices informed mother that the Department was seeking to terminate her parental rights and the consequences thereof. Mother was represented by counsel at all times during the proceedings, and undoubtedly, was aware that the Department was seeking the termination of her parental rights and what that meant. She was present at the June 4, 2015 hearing in the JDR court, and after the hearing, the JDR court entered the orders terminating her parental rights. Mother appealed the termination proceedings, naming them as such, to the circuit court where she sought *de novo* review.

Therefore, when considering the totality of the record, the trial court did not err when it held that mother was sufficiently put on notice of the consequences of the termination proceedings.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>